IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAROL LEARY, ADMINISTRATOR, ESTATE OF VADA RAMSEY, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 2:14-cv-620 |
| v. | ) Judge Mark R. Hornak |
| UPMC SHADYSIDE, et al, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This is a wrongful death/survivor medical malpractice action. The Plaintiff, Carol Leary, is the Administrator of the estate of her mother, Ms. Vada Ramsey. Ms. Leary filed this action in March 2014 in the United States District Court for the Northern District of West Virginia. She is a resident and citizen of West Virginia, and the Defendants are each Pennsylvania citizens. The action claims damages in excess of $75,000 ($10,000,000 to be precise), so diversity jurisdiction has been invoked.

The case was transferred here by the Court in West Virginia in May 2014 because that Court concluded that venue in that District was improper, but likely would be proper in this Court. Upon its arrival here, the Court observed that the estate of Ms. Ramsey was not represented by counsel. The Court convened a telephone status conference on June 4, 2014, and Ms. Leary confirmed that that was correct, and that she (Ms. Leary) was not a lawyer. The Court advised the parties that Pennsylvania substantive law, applicable here, was plain that an estate must be represented in court litigation by a lawyer, notwithstanding that the Administrator of an estate may act as the "agent" of the estate in other matters. *See In re Estate of Rowley*, 84 A.3d

337 (Pa. Commw. Ct. 2013). Thus, the Court entered an Order staying the case for sixty (60) days to allow Ms. Leary time to retain a lawyer.

That stay period expired on August 3, 2014. On August 6, 2014, the Defendants filed a Motion to Dismiss the case with prejudice due to the failure of the Plaintiff to retain counsel for the prosecution of this action. ECF No. 30. On August 21, 2014, the Plaintiff's opposition to that Motion arrived on the Court's docket, ECF No. 32, and the Court also held a telephone status conference with the parties, including Ms. Leary. At the conference, Ms. Leary told the Court that based on her "on-line" research, the Court was incorrect in its conclusion that her mother's estate had to be represented by legal counsel in this litigation, and that she had no intention of hiring a lawyer. She also advised the Court that she had six (6) siblings that could be involved in the proceeds of her mother's estate, but that to her knowledge, the estate had no open and outstanding debts.

The Court has reviewed Ms. Leary's opposition to the Motion to Dismiss. It cites to no legal authority for her position, but does reference that "legal counsel" (unidentified) told her that the estate did not need a lawyer in this case. The Court's conclusion based on the *Rowley* case and its reasoning remains correct. It is axiomatic, as was explained by President Judge Pellegrini in *Rowley*, that the estate is a distinct legal entity. While an estate administrator may be the "agent" of the estate for day-to-day purposes, the estate itself is distinct from the administrator, and the estate must be represented by a lawyer in litigation. That is especially the case in situations such as this where there are potential claimants to the estate other than the administrator.[1]

---

[1] *Rowley's* reasoning has also been applied by federal courts in Pennsylvania. *See Williams v. USP-Lewisburg*, No. 09-1715, 2009 WL 4921316 (M.D. Pa. Dec. 11, 2009), *aff'd*, 377 F. App'x 255 (3d Cir. 2010).

2

The proper course now is to dismiss the action. The Plaintiff, via its Administrator Ms. Leary, has been advised to retain counsel. It has been given plenty of time to do so. The Court may not permit Ms. Leary to litigate the case on behalf of her mother's estate, and keeping this action open and active indefinitely, or even just a bit longer, to allow the retention of counsel would be a vain act, given Ms. Leary's very certain statements that she has no intention of retaining counsel for this case. Holding another proceeding with the Court to examine this issue would also be a vain act, given the proceedings noted above. Ms. Leary, as the representative of her mother's estate, is personally responsible for the representational situation as to the estate. While the Court concludes that it should dismiss the case, it is not as a "sanction" for misconduct, but because the case cannot be litigated by or on behalf of the estate without its having a lawyer. Nonetheless, for the reasons noted, the Court concludes that in the context of these facts, the "*Poulis*" factors have been fulfilled. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

The Defendants say that any dismissal should be with prejudice, mainly because Ms. Leary is adamant that she is not going to hire a lawyer to represent the estate of her mother in court, and also because if the case were dismissed without prejudice now, and was refiled later, that refiling would be barred by the statute of limitations. The Court disagrees for several reasons. First, Ms. Leary may change her mind and hire a lawyer for the estate (although she told the Court that she would stick by her guns, and would appeal any dismissal in any form). Second, if the case were to be refiled, the time to consider any statute of limitations issue is then, and not now. Finally, this dismissal really has absolutely nothing to do with the merits of any claim or defense, so the Court concludes that exercising its discretion to dismiss without prejudice under Fed. R. Civ. P. 41(b) is the prudent course.

3

An appropriate Order will issue dismissing this case without prejudice.

Mark R. Hornak
United States District Judge

Dated: August 22, 2014

cc: All counsel of record